LINCOLN S.T. ASHIDA   4478
Corporation Counsel

HARRY P. FREITAS   5633
BRANDON A.K. GONZALEZ   7413
Deputies Corporation Counsel
County of Hawai'i
Hilo Lagoon Centre
101 Aupuni Street, Suite 325
Hilo, Hawai'i   96720
Telephone No.:  (808) 961-8251
Facsimile No.:  (808) 961-8622
Email:  hfreitas@co.hawaii.hi.us
        corporationcounsel@co.hawaii.hi.us

Attorneys for Defendant JOSEPH BOTELHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WENDELL TANGARO,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BOTELHO, COUNTY OF HAWAI`I, AND JOHN DOES 1-10,<br><br>Defendants. | Civil. No. 03-00211 DAE/LEK<br><br>DEFENDANT JOSEPH BOTELHO'S FINAL PRETRIAL STAEMENT; CERTIFICATE OF SERVICE |

s:lit\tangaro\doc\final pretrial stmt\1-17-06\HPFjen.doc

<u>DEFENDANT JOSEPH BOTELHO'S FINAL PRETRIAL STATEMENT</u>

Defendant Joseph Botelho ("Botelho"), by and through his undersigned attorney, hereby submits the following Final Pretrial Statement pursuant to Local Rule 16.6, Rules of the United States District Court for the District of Hawai'i as follows:

A.   PARTY.

Officer Joseph Botelho
Hawai'i County Police Department
349 Kapi'olani Street
Hilo, Hawai'i 96720

B.   JURISDICTION AND VENUE.

Botelho agrees that this Court has jurisdiction.

C.   SUBSTANCE OF ACTION.

On May 5, 2003, Plaintiff Wendell Tangaro ("Tangaro") filed a complaint against Botelho and the County of Hawai'i ("County") alleging that Botelho used excessive force when he shot Tangaro on April 17, 2002 and that the County failed to properly train, supervise and/or discipline Botelho.

The County has been dismissed from this action pursuant to a summary judgment motion and Botelho asserts that the force used in this case was reasonable.

D.   UNDISPUTED FACTS.

In the early morning hours of July 17, 2002, Justin Aoki ("Aoki") parked the vehicle he was driving opposite the Laundromat located in downtown Hilo. Tangaro was a passenger in that vehicle. Aoki entered the Laundromat and was observed by Roger Starbuck ("Starbuck") to be attempting to break into the washing machines. Starbuck called police, Officer Fetuutuunai Amuimuia ("Officer Amuimuia") arrived and began to interview Aoki. Botelho arrived next

2

and took over the interview of Aoki while Officer Amuiamuia went to interview Starbuck.

While Botelho was interviewing Aoki, he noticed Tangaro lying on the back seat of the vehicle. Botelho left Aoki to retrieve a notebook from his police vehicle and observed Aoki speaking to Tangaro. Tangaro quickly jumped into the front seat of the vehicle and attempted to start the vehicle. Botelho directed Tangaro to stop and walked up to the front passenger door of the vehicle. When Botelho reached for the door handle to open the door, Tangaro reached over and locked the door. Botelho then reached into the vehicle through the open front passenger window to unlock the door as Tangaro revved the engine and reversed. Botelho removed his hand so it would not get caught and be dragged by the vehicle. Botelho had to step back and away from the vehicle so that it would not strike him while it reversed and turned at the same time.

Tangaro reversed his vehicle almost striking Officer Jason Grouns' ("Officer Grouns") vehicle in the process. Tangaro then began to move forward toward Botelho. Botelho moved to his left and continuously instructed Tangaro to stop. Tangaro continued to drive at Botelho ignoring his commands. When Botelho felt that he would be struck by the vehicle, he drew his firearm and fired one shot into the windshield of the vehicle. The vehicle immediately slowed allowing Botelho to get out of the way and rolled to a stop against the curb.

E.  DISPUTED FACTUAL ISSUES.

Tangaro may allege that Botelho was not in danger, Tangaro's vehicle was stopped when Botelho fired, and that deadly force was unreasonable in this situation.

F.  RELIEF PRAYED.

A defense verdict.

G.  POINTS OF LAW.

Botelho has qualified immunity. Claims against police officers for use of excessive force are analyzed under the Fourth Amendment's "reasonableness" standard. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). To determine reasonableness, the court must first assess the "quantum of force used." *Chew v. Gates,* 27 F.3d 1432, 1440 (9th Cir. 1994), *cert. denied,* - - U.S. - -, 115 S. Ct. 1097, 130 L.Ed.2d 1065 (1995).

In addition, recently the United States Supreme Court made a ruling in *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583, 599 (2004), that the officer's action there, which included the defendant driving away when he was shot in the back by the officer, fell in the "hazy border between excessive and acceptable force." In addition, the United States District Court, District of Alaska ruled similarly in *Randall v. City of Fairbanks*, 352 F.Supp.2d 1028 (2005) where the officer was granted qualified immunity when he had an opportunity to get out

4

of the path the vehicle but instead shot the driver.

Furthermore, the law does not require an officer to retreat in the face of another's threatened use of force or to ascertain and choose the "least intrusive alternative." *Reed v. Hoy,* 909 F.2d 324, 330-31 (9th Cir. 1989); *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994).

Finally, Punitive damages are not awardable because Botelho did not act recklessly or with callous indifference. *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

H.  PREVIOUS MOTIONS.

1. The County's motion for summary judgment was granted.

2. Botelho's motion for summary judgment was denied but is presently up for reconsideration.

I.  WITNESSES TO BE CALLED.

1. Wendell Tangaro, he will testify regarding liability and damages.

2. Justin Aoki, he will testify regarding liability and damages.

3. Officer Joseph Botelho, he was present at the incident and will testify regarding his observations.

4. Officer Fetuutuunai Amuimuia, he was present at the incident and will testify regarding his observations.

5. Officer Jason Grouns, he was present at the incident and will testify regarding his observations.

6. Roger Starbuck, he was present at the incident and will testify regarding his observations.

7. Dr. Timothy Oldfather and other Hilo Medical Center Representatives that treated Tangaro and will testify as to Tangaro's treatment and injuries.

8. Officer Manuel Benevides, he assisted in the investigation and will testify regarding his actions.

9. Officer Sandor Finkey, he assisted in the investigation and will testify regarding his actions.

10. Det. Kelly Kaaumoana-Matsumoto, he assisted in the investigation and will testify regarding his actions.

11. Det. Jeremie Evangelista, he assisted in the investigation and will testify regarding his actions.

12. Kelsey Higaki, she the owner of the vehicle involved and will testify regarding liability.

13. Det. Duane Rapoza, he assisted in the investigation and will testify regarding his actions.

14. Det. Tom Poy, he assisted in the investigation and will testify regarding his actions.

15. Det. Thomas Waltjen, he assisted in the investigation and will testify regarding his actions.

16. Officer Regino Saludares, he assisted in the investigation and will testify regarding his actions.

17. Det. A. Jason Cortez, he assisted in the investigation and will tesity regarding his actions.

18. A representative of Ken's Towing, will testify as to the recovery of the vehicle.

19. Warren J. Ferreira, M.A., CPP, he will testify as to the objective reasonableness of the conduct of Botelho, and he will provide additional analysis and opinions as to police practices and procedures.

20. A Custodian of Records from Hilo Medical Center to lay the proper foundation for Tangaro's medical records.

21. A Representative of Clinical Laboratories to lay the proper foundation for blood test results of Tangaro.

J. EXHIBITS.

1. Diagrams of the scene (on large poster board) to be utilized by the witnesses and sponsored by Botelho, Officer Grouns, Officer Amuimuia and Det. Kaaumoana-Matsumoto.

    2.      Poster size blowup of photographs of the scene, including the car, the officers involved, Aoki and Tangaro, to be utilized by the witnesses and sponsored by Officer Saludares, Det. Kaaumoana-Matsumoto, Det. Rapoza, Det. Cortez and Det. Poy.

    3.      Video tape of the interviews of Officer Amuimuia, Officer Grouns, Botelho, Aoki and Tangaro, sponsored by the interviewed party and Det. Rapoza.

    4.      Photographs of Tangaro's injuries sponsored by Tangaro and Det. Kaaumoana-Matsumoto.

    5.      Tangaro's medical records sponsored by the custodians of medical records from Hilo Medical Center, to lay the evidentiary foundation for the records relating to Tangaro's injuries.

    6.      Tangaro's Responses to the County's Request for Written Answers to First Set of Interrogatories.

    7.      Tangaro's Responses to the County's Request for Admissions, including felony convictions of Tangaro.

K.     <u>FURTHER DISCOVERY OR MOTIONS</u>.

    The deposition of Tangaro, as he previously refused to answer questions pertaining to the incident under his United States Constitution 5th Amendment Right. Tangaro's criminal trial presently set for May of 2006.

A Motion for Reconsideration of Botelho's Motion for Summary Judgment is scheduled to be heard on February 13, 2006.

L.    STIPULATIONS.

Botelho requests that authenticity of records and chain of custody for all items of evidence are stipulated.

M.    AMENDMENTS, DISMISSALS.

No amendments or dismissals other then those presently pending.

N.    SETTLEMENT DISCUSSION.

Parties have discussed settlement.

O.    AGREED STATEMENT.

Because the versions of the events leading to the shooting are disputed, Botelho does not believe that the action or proceeding can proceed upon an agreed statement of facts.

P.    BIFURCATION.

Botelho is not requesting a bifurcation.

Q.    REFERENCE TO MASTER.

Botelho will not agree to refer any part of this case to a Master.

R.    APPOINTMENT AND LIMITATION OF EXPERTS.

Impartial expert witness is not requested.  This is not a complex case and the parties have a minimal amount of expert witnesses.

S.   TRIAL.

Botelho has timely demanded a jury trial.

Trial is scheduled to commence before the Honorable Judge J. Michael Seabright on Tuesday, March 7, 2006.

T.   ESTIMATE OF TRIAL TIME.

Botelho estimates that it will take approximately three days to present their case. He will stipulate to authenticity of records and chain of custody. He will also avoid cumulative proof, unless used to discredit a witness.

U.   CLAIMS OF PRIVILEGE OR WORK PRODUCT.

A stipulated protective order has been filed on January 8, 2004 concerning records of Botelho and other police officers who participated in any way at the time of the shooting.

V.   MISCELLANEOUS.

None.

Dated: Hilo, Hawai'i, January 17, 2005.

                        JOSEPH BOTELHO, Defendant

                        By   /s/ Harry P. Freitas
                            HARRY P. FREITAS
                            Deputy Corporation Counsel
                            His Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WENDELL TANGARO,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSEPH BOTELHO, COUNTY OF HAWAI`I, AND JOHN DOES 1-10,<br><br>        Defendants. | Civil. No. 03-00211 DAE/LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

ERIC A. SEITZ, ESQ.            eseitzatty@yahoo.com    January 17, 2005
LAWRENCE I. KAWASAKI, ESQ.
        Attorneys for Plaintiff

                /s/ Harry P. Freitas
                HARRY P. FREITAS
                Deputy Corporation Counsel
                County of Hawai`i

11