LINCOLN S.T. ASHIDA    4478
Corporation Counsel

HARRY P. FREITAS    5633
BRANDON A.K. GONZALEZ    7413
Deputies Corporation Counsel
County of Hawai'i
Hilo Lagoon Centre
101 Aupuni Street, Suite 325
Hilo, Hawai'i  96720
Telephone:  961-8251
Facsimile: 961-8622
E-mail address: hfreitas@co.hawaii.hi.us.
Attorneys for Defendants JOSEPH  BOTELHO and
  COUNTY OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WENDELL TANGARO,<br><br>          Plaintiff,<br><br>     vs.<br><br>JOSEPH BOTELHO, COUNTY OF HAWAI`I, AND JOHN DOES 1-10,<br><br>          Defendants. | Civil. No. 03-00211 JMS/LEK<br><br>DEFENDANT JOSEPH BOTELHO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF DEFENDANT JOSEPH BOTELHO'S SUMMARY JUDGMENT; DECLARATION OF JASON GROUNS; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>**Date:   February 13, 2006**<br>**Time:   10:00 a.m.**<br>**Judge:  J. Michael Seabright**<br><br>Trial Date:<br>Date:   October 3, 2006<br>Time:   9:00 a.m.<br>Judge: J. Michael Seabright |

s:\lit\tangaro\doc\mtn recon reply msj botelho\2-2-06\HPFjen.wpd

DEFENDANT JOSEPH BOTELHO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF DEFENDANT JOSEPH BOTELHO'S SUMMARY JUDGMENT

The United States Supreme Court in *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed. 2d 583 (2004), stated that when determining qualified immunity "the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." *Id*., at 125 S.Ct. 600.

The facts of *Brosseau* portray Haugen as someone who was accused of a nonviolent crime, had a no bail warrant, hid from the police, refused to heed to an officer's command, and attempted to drive away only to be shot in the back. The Court noted that Haugen had proven he would do almost anything to avoid capture and that he posed a major threat to, among others, the officers at the end of the street. *Id*., at 125 S.Ct. 601.

The Court held that although none of the cases cited squarely governed the case before them, Brousseau's actions "fell in the hazy border between excessive and acceptable force" and therefore Brousseau was entitled to qualified immunity. *Id*., at 125 S.Ct. 601.

In the case at hand, the facts, taken in the light most favorable to Plaintiff Wendell Tangaro (hereinafter "Plaintiff") are:

1. Officers Botelho and Amuimuia responded to a report of a theft in progress on Shipman Street at approximately 3:00 in the morning.

2. When they arrived, they observed a male, later identified as Justin Aoki (hereinafter "Aoki"), that fit the description of the suspect standing next to a dark colored sedan that fit the description of the suspect vehicle.

3. Plaintiff was asleep in the back seat of the suspect vehicle, was awakened by Aoki and was informed by Aoki that the Police were there.

4. Plaintiff jumped out of the back seat, pushed Aoki away from the driver's door, sat in the driver's seat and started the car intending to flee.

5. Plaintiff saw Officer Botelho approaching the vehicle on the passenger side and locked the passenger side door.

6. Plaintiff then reversed the car out of the stall towards Officer Grouns' vehicle, causing Officer Grouns to reverse. (*See* Declaration of Jason Gouns attached hereto).

7. Officer Botelho fired one shot, striking the Plaintiff.

Consistent with the Court's findings in *Brousseau,* Plaintiff did everything he could to avoid capture. He jumped out of the back seat of the vehicle and took control of the vehicle. He locked the passenger side door of the vehicle when Officer Botelho approached the vehicle. He started the vehicle, and being that the vehicle was diagonally parked facing into the curb, his only path of escape was to reverse his vehicle out of the stall. If you only take the facts up to this point, there is no genuine issue of fact that Plaintiff was attempting to escape and that his action posed a major threat to the officers at the scene.

Plaintiff's reversing of the vehicle placed Officer Grouns in danger as Officer Grouns was located mauka of the Plaintiff's vehicle in the direction Plaintiff was traveling, causing Officer Grouns to reverse his vehicle.

It is the testimony of Officers Botelho and Grouns that the Plaintiff's vehicle then traveled forward, toward Officer Botelho, when Officer Botelho fired his weapon striking the Plaintiff.

In *Brousseau*, Officer Brousseau shot Haugen in the back while Haugen attempted to drive away. She stated that she was fearful for others she **believed** were in the immediate area even though the facts indicate that after being shot, Haugen drove for half a block before stopping and there was no indication that anyone was injured or harmed other then Haugen.

In the case at hand, if you take the facts as Plaintiff asserts them to be, the Plaintiff was doing everything he could to flee, placing Officer Grouns in danger. If you take the facts as declared by Officers Botelho and Grouns, Plaintiff was doing everything he could to flee, placing both officers in danger.

Finally, looking at whether Officer Botelho had fair notice that his conduct was unlawful, judged against the backdrop of the law at the time of his conduct, looking at these "particularized" facts and not in a broad general sense, this Court can only come to one conclusion: That Officer Botelho did not have fair notice that his conduct violated the Constitution because the law was not clearly established at the time of this incident as decided by the United States Supreme Court in *Brousseau* on December 13, 2004, two and one half years after this case occurred. Thus, Officer Botelho's conduct falls into the hazy border between excessive and acceptable force entitling him to qualified immunity.

DATED: Hilo, Hawai'i, February 2, 2006.

JOSEPH BOTELHO, Defendant

By     /s/ Harry P. Freitas
       HARRY P. FREITAS
       Deputy Corporation Counsel
       His Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WENDELL TANGARO,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BOTELHO, COUNTY OF HAWAIʻI, AND JOHN DOES 1-10,<br><br>Defendants. | Civil. No. 03-00211 DAE/LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

ERIC A. SEITZ, ESQ.          eseitzatty@yahoo.com     February 2, 2006
LAWRENCE I. KAWASAKI, ESQ.
        Attorneys for Plaintiff


                /s/ Harry P. Freitas
                HARRY P. FREITAS
                Deputy Corporation Counsel
                County of Hawaiʻi