ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ            1412
LAWRENCE I. KAWASAKI     5820
RONALD N.W. KIM          8306
820 Mililani Street
Suite 714
Honolulu, Hawai'i 96813
Telephone:    533-7434
Facsimile:    545-3608

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WENDELL TANGARO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH BOTELHO, JAY T. ) <br> KIMURA, COUNTY OF HAWAI'I, ) <br> AND JOHN DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) | CIVIL NO.   03-00211 JMS-LEK <br><br> PLAINTIFF'S FIRST AMENDED <br> COMPLAINT FOR DAMAGES |

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES

Plaintiff Wendell Tangaro, by and through his undersigned attorneys, alleges as follows:

Introduction

(1)  This is an action to redress the deprivation under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of rights, privileges, and immunities secured to Wendell Tangaro by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States, inter alia, and 42 U.S.C. §1983, et seq.

EXHIBIT 7

Parties

(2) Plaintiff Wendell Tangaro [hereinafter "Plaintiff"] is and has been a resident of the County of Hawai'i, State of Hawai'i, at all times pertinent hereto.

(3) Defendant Joseph Botelho [hereinafter "Defendant Botelho"] is and has been a resident of the County of Hawai'i, State of Hawai'i, and an employee of the County of Hawai'i Police Department at all times pertinent hereto. Defendant Botelho is sued herein in both his individual and his official capacities.

(4) Defendant Jay T. Kimura [hereinafter "Defendant Kimura"] is and has been a resident of the County of Hawai'i, State of Hawai'i, and the Prosecuting Attorney for the County of Hawai'i at all times pertinent hereto. Defendant Kimura is sued herein in both his individual and his official capacities.

(5) Defendant County of Hawai'i is and has been a duly organized municipal corporation of the State of Hawai'i at all times pertinent hereto.

(6) Defendants John Does 1-10 [hereinafter "Doe Defendants"] are individuals whose true identities and capacities are as yet unknown to the Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged

herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

### Jurisdiction

(7) The civil rights claims asserted herein present a question of federal law thereby conferring jurisdiction upon the court under 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(3), inter alia.

(8) The court has jurisdiction over Plaintiff's state law claim under 28 U.S.C. §1367.

### Factual Allegations

(9) On or about the early morning of April 17, 2002 Plaintiff was sleeping in the back seat of a friend's automobile parked on Shipman Street in Hilo, Hawai'i.

(10) At or about 3:00 a.m. Plaintiff was awakened when his friend, Justin Aoki, opened the back door of the vehicle, warned him that the police were coming, and then fled.

(11) Plaintiff, who was on parole at the time in an unrelated case, became afraid that he might be arrested and jumped into the front seat of the vehicle intending to flee the scene.

(12) As Plaintiff got into the front seat of the vehicle, Defendant Botelho approached the vehicle and stood on the sidewalk in front of the vehicle.

(13) As Plaintiff was looking to the rear and reversing the car away from Defendant Botelho in an attempt to flee,

Defendant Botelho, without any warning or provocation, drew his gun and fired it at Plaintiff striking Plaintiff in the neck.

(14) On the morning of April 17, 2002, while in police custody, the police took a statement from Justin Aoki who reported that Defendant Botelho shot Plaintiff as he was coming to a stop from reversing away from Defendant Botelho.

(15) On April 20, 2002, without informing Plaintiff that he was a suspect in a criminal investigation of any kind arising from the April 17, 2002 shooting, and without legal representation, the police took a video taped statement from Plaintiff who reported that he was shot after reversing the vehicle away from a police officer at the scene, and that he was not trying to run over any officer.

(16) On April 26, 2002 while Plaintiff was receiving continuing medical care for his injuries, the police, without informing Plaintiff that he was a suspect in a criminal investigation and without legal representation, took photos of Plaintiff's injuries and obtained the bullet which was removed from Plaintiff.

(17) No criminal charges were ever filed against Plaintiff over the next 12 months, and on May 5, 2003 Plaintiff filed the instant civil rights action against Defendant Botelho and the County of Hawai'i.

(18) On or about November 12, 2003, Defendants Botelho and the County of Hawai'i requested answers to interrogatories

4

from Plaintiff in the instant civil rights action, <u>inter alia</u>, which Defendant answered on or about January 26, 2004 stating, <u>inter alia</u>, that he was shot as he was looking over his right shoulder as he was reversing away from Defendant Botelho.

(19) Defendants Botelho and the County of Hawai'i sought summary judgment in their favor in the instant civil rights action which was denied by Judge Ezra on August 5, 2004.

(20) Immediately thereafter the trial of the instant civil rights case was set for March 1, 2005 and thereafter the District Court rescheduled the trial to June 28, 2005.

(21) On March 24, 2005 Defendant Kimura intentionally, deliberately, and flagrantly misled the state grand jury to obtain an indictment against Plaintiff in Criminal No. 05-1-0080 for terroristic threatening arising from the April 17, 2002 shooting incident although there is not and never was any evidence to support such indictment.

(22) On or about June 2, 2006, after a full evidentiary trial, a jury acquitted Plaintiff of the charges in Criminal No. 05-1-0080.

(23) No appeal of the Judgment of Acquittal in Criminal No. 05-1-0080 has been filed by Defendant Kimura and the time period for filing such appeal has expired.

<u>First Cause of Action</u>

(24) Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 13, above.

5

(25) Plaintiff is informed and believes, and thereupon alleges, that the Defendants acted and/or purported to act herein under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the County of Hawai'i, State of Hawai'i, and/or the Hawai'i County Police Department.

(26) Plaintiff is informed and believes, and thereupon alleges, that Plaintiff was shot without probable, sufficient, just, or reasonable cause in violation of rights guaranteed to him under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 5, 6, 7, 8, and 12 of the Constitution of the State of Hawai'i, <u>inter alia</u>.

<u>Second Cause of Action</u>

(27) Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 13, above.

(28) Plaintiff is informed and believes, and thereupon alleges, that Defendant County of Hawai'i and certain Doe Defendants failed and refused to properly train, supervise, and/or discipline Defendant Botelho thereby proximately and directly causing the shooting of Plaintiff.

<u>Third Cause of Action</u>

(29) Plaintiff hereby incorporates all of the allegations contained in Paragraphs 14 through 23, above.

(30) Plaintiff is informed and believes, and thereupon alleges, that there is not and never was any legal or factual

basis for convening a grand jury to indict Plaintiff in Criminal No. 05-1-0080.

(31) Defendant Kimura initiated and maintained the aforementioned criminal action without any substantial justification and where there existed a total absence of evidence to support the prosecution of the charges in Criminal No. 05-1-0080.

(32) Defendant Kimura initiated and/or maintained the aforementioned criminal action against Plaintiff to accomplish a purpose other than securing the proper adjudication of the charges on the merits.

(33) Defendant Kimura initiated and/or maintained the aforementioned criminal actions against Plaintiff maliciously and without legal or just cause.

(34) The Defendant Kimura acted herein outside and beyond the scope of the authority of his office.

(35) As a direct and proximate result of the foregoing Plaintiff already has suffered and will continue to suffer serious and lasting harm to his security and well-being.

(36) As a direct and proximate result of the foregoing Plaintiff has incurred legal fees and costs in amounts to be proven at trial.

### Fourth Cause of Action

(37) Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 36, above.

(38) Plaintiff is informed and believes, and thereupon alleges, that Defendants Botelho, Kimura and certain Doe Defendants acted herein knowingly, deliberately, intentionally, and maliciously without regard for the rights, interests, and well-being of Plaintiff.

WHEREFORE Plaintiff prays for relief as follows:

(1) For general damages according to the proof thereof at trial;

(2) For special damages according to the proof thereof at trial;

(3) For punitive damages against Defendants Botelho, Kimura and certain Doe Defendants;

(4) For reimbursement of his costs and expenses herein, including reasonable provision for his attorneys' fees; and

(5) For such further and additional relief as the Court deems appropriate and just.

DATED: Honolulu, Hawaii, _____.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W. KIM

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date by U.S. Mail, first-class, postage pre-paid to the following at the address listed below:

> HARRY P. FREITAS, ESQ.
> MICHAEL S. KAGAMI, ESQ.
> Deputies Corporation Counsel
> 101 Aupuni Street
> Hilo, Hawai'i  96720
>
> Attorneys for Defendants
> Joseph Botelho and County of Hawai'i

DATED:  Honolulu, Hawaii, _____.


_____
ERIC A. SEITZ