LINCOLN S.T. ASHIDA   4478
Corporation Counsel

HARRY P. FREITAS   5633
BRANDON A.K. GONZALEZ   7413
Deputies Corporation Counsel
County of Hawai'i
Hilo Lagoon Centre
101 Aupuni Street, Suite 325
Hilo, Hawai'i   96720
Telephone:  (808) 961-8251
Facsimile:  (808) 961-8622
E-mail address: hfreitas@co.hawaii.hi.us.
Attorneys for Defendant JOSEPH BOTELHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WENDELL TANGARO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH BOTELHO, COUNTY OF HAWAI'I, AND JOHN DOES 1-10,<br><br>　　　　Defendants. | Civil. No. 03-00211 JMS/LEK<br><br>DEFENDANT JOSEPH BOTELHO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR MOTIONS TO JOIN ADDITIONAL PARTIES, AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED JULY 24, 2006; DECLARATION OF HARRY P. FREITAS; EXHIBITS "A" – "B"; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>**Date:   August 24, 2006**<br>**Time:   9:00 a.m.**<br>**Judge:  Leslie E. Kobayashi**<br><br>Trial Date:<br>Date:   October 3, 2006<br>Time:   9:00 a.m.<br>Judge: J. Michael Seabright |

s:\lit\tangaro\doc\memo opp mtn extend add parties 1st amend complaint\8-2-06\HPFjen.wpd

DEFENDANT JOSEPH BOTELHO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR MOTIONS TO JOIN ADDITIONAL PARTIES, AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED JULY 24, 2006

COMES NOW Defendant Joseph Botelho ("Botelho"), by and through his undersigned counsel, hereby submits his Memorandum in Opposition to Plaintiff's Motion to Extend Deadline for Motions to Join Additional Parties, and for Leave to File First Amended Complaint.

I.  Botelho's Position on Plaintiff's Motion to Extend Deadline

Plaintiff Wendell Tangaro's ("Plaintiff") Motion to Extend Deadline for Motions to Join Additional Parties could have been filed timelier.

Plaintiff's criminal trial under Cr. No. 05-1-80 resulted in an acquittal on May 11, 2006.  Plaintiff waited 74 days from the date of the acquittal to file this motion.

The Judgment of Acquittal was filed on June 2, 2006 and if we use that date, Plaintiff waited 52 days from that date to file this motion.

Additionally, Plaintiff could have filed this motion sooner being that the State had no right to file an appeal in this case pursuant to *State v. Shintaku*, 64 Haw. 307, 311, 640 P.2d 289, 293 (1982) and Hawai'i Revised Statutes §641-13.

II.    Botelho Objects to the Joinder of Defendant Jay T. Kimura

    A.    Permissive Joinder Federal Rules of Civil Procedure Rule 20(a)

Plaintiff's motion seeks to join Defendant Jay T. Kimura ("Kimura") to the case at hand. Being that Kimura is not a necessary or indispensable party to the existing matter, this joinder would be permissive pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 20(a).

FRCP Rule 20(a) states that all persons may be joined as defendants if there is asserted against them any right to relief arising out of the same transactions, occurrence and if any question of law or fact common to all defendants will arise in the action.

There is no bright-line definition of "transaction," "occurrence," or "series." Instead, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Moore's Federal Practice 3D §20.05[1].

In looking at the case at hand, there are two separate and distinct causes of actions. The first is the cause of action of excessive force involving Botelho which terminates at the time Botelho shot Plaintiff. The second is the cause of action of malicious prosecution involving Kimura that begins at the time that Plaintiff takes control of the vehicle until his acquittal. These causes of actions do overlap but are none the less separate.

B.    <u>Separate Trials FRCP Rule 20(b)</u>

FRCP Rule 20(b) states that the court may make such orders as will prevent a party from being embarrassed or delayed by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials to prevent delay.

A district court must examine whether permissive joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side. Under FRCP Rule 20(b), the district court may sever the trial in order to avoid prejudice. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (C.A.9 (Ariz.) 2000).

    i.    <u>Joinder would Delay Botelho's Trial</u>

Plaintiff filed his initial complaint in this pending action on May 5, 2003. The trial was originally set for July 13, 2004, continued to October 13, 2004, continued to March 1, 2005, continued to June 28, 2005, continued to March 6, 2006 and currently set for October 3, 2006.

Allowing Plaintiff to permissively join Kimura at this time would once again delay this trial for the following reasons:

1.    Legal representation of Kimura must be determined being that there may be a conflict of interest in the County of Hawai'i, Office of the Corporation Counsel, representing both Botelho and Kimura.

4

2. Since punitive damages are being sought against Kimura, approval from the Hawai'i County Council is required should the County of Hawai'i decide to indemnify Kimura pursuant to Section 2-188 of the Hawai'i County Code (See Exhibit "A" attached hereto).

3. Kimura's counsel may wish to conduct additional discovery.

4. Kimura's counsel may file appropriate motions to dismiss and for summary judgment based on the grounds that "a prosecutor enjoys absolute immunity from §1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman,* 424 U.S. 409, 420, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976); *accord Bullen v. Derego,* 68 Haw. 587, 724 P.2d 106 (1986); *but cf. Orso v. City & County of Honolulu,* 56 Haw. 241, 534 P.2d 489 (1975) (in a tort claim based upon Hawai'i state law, as opposed to § 1983, a prosecutor is not absolutely immune from liability for his or her tortious conduct).

Being that the joinder sought by Plaintiff is permissive and would delay Botelho's trial, this Court should deny Plaintiff's motion to add additional parties.

ii. Joinder would Prejudice and Embarrass Botelho

As stated previously, FRCP Rule 20(b) allows the court to order separate trials to prevent a party from being embarrassed or to avoid prejudice.

Should this Court allow the joinder of Kimura, the fact that Plaintiff was acquitted in his criminal trial would be admissible in Botelho's trial since the acquittal is an element of Kimura's malicious prosecution case. This information is not only irrelevant in Botelho's trial, it would be embarrassing and prejudicial to Botelho.

Additionally, the fact that Botelho is being sued for excessive force would be prejudicial to Kimura in Kimura's trial. Therefore, this Court should deny Plaintiff's motion to join Kimura to the instant case.

III.   Other Points of Interest to Botelho

   A.   Denial of Plaintiff's Motion Does Not Prejudice Plaintiff

The denial of Plaintiff's motion to join additional parties will not prejudice Plaintiff. He may still file his suit against Kimura as his cause of action of malicious prosecution only ripened within the last month and as such Plaintiff has no statute of limitations problems.

   B.   Bifurcation May Be Appropriate

Should this Court grant Plaintiff's motion to join additional parties, it may be appropriate for Botelho to file a motion for separate trials pursuant to FRCP Rule 42. This is based in the fact that the elements of a claim of excessive force in violation of the Fourth Amendment are: 1) that the defendant used

excessive force during 2) **a lawful stop** or arrest. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). (Emphasis added).

**An arrest is lawful so long as there is probable cause** to arrest the suspect for any offense on the basis of facts known to the arresting officer. *Devenpeck v. Alford,* 543 U.S. 146, 125 S.Ct. 588, 593-95, 160 L.Ed.2d 537 (2004). (Emphasis added).

**The determination of probable cause is a defense to the common law claim of malicious prosecution**. *Reed v. City and County of Honolulu*, 76 Hawai'i 219, 230, 873 P.2d 98, 109 (1994). (Emphasis added).

Based on the foregoing, should the jury in the Botelho trial return a verdict in favor of Botelho, determining that Plaintiff's arrest was lawful, Kimura's trial would be moot.

C.   All of the Kimura Cause of Actions May Be State Claims

Plaintiff's Third Cause of Action in Plaintiff's First Amended Complaint for Damages appears to be state claim of malicious prosecution. The Fourth Cause of Actions appears to be an intentional tort and as such the appropriate court for these matters should be state court.

D.   Plaintiff's Second Cause of Action is Precluded

Plaintiff's Second Cause of Action in Plaintiff's First Amended Complaint for Damages is precluded pursuant to the Court's Order Denying in Part and

Granting in Part Defendant Joseph Botelho's Motion for Summary Judgment and County of Hawai'i's Motion for Summary Judgment filed on August 5, 2004. (See Exhibit "B" attached hereto).

IV.  Conclusion

Based on the foregoing, Plaintiff's motion to add additional parties is a permissive joinder which should be denied.

Dated:  Hilo, Hawai'i, August 2, 2006.

                                       JOSEPH BOTELHO, Defendant


                                  By     /s/ Harry P. Freitas
                                        HARRY P. FREITAS
                                        Deputy Corporation Counsel
                                        His Attorney