IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WENDELL TANGARO, | ) | CIVIL NO. 03-00211 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH BOTELHO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND
DEADLINE FOR MOTIONS TO JOIN ADDITIONAL PARTIES,
AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Before the Court is Plaintiff Wendell Tangaro's ("Plaintiff") Motion to Extend Deadline for Motions to Join Additional Parties, and for Leave to File First Amended Complaint ("Motion"), filed July 24, 2006. Defendant Joseph Botelho ("Defendant") filed his memorandum in opposition on August 2, 2006. This matter came on for hearing on August 24, 2006. Appearing on behalf of Plaintiff were Eric Seitz, Esq., and Lawrence Kawasaki, Esq., and appearing on behalf of Defendant was Harry Freitas, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On April 17, 2002, Defendant, a County of Hawai`i police officer, shot Plaintiff in the neck while responding to a

report of a theft in progress.  Plaintiff got into the driver's seat of a car that police suspected was involved in the theft and allegedly drove the car toward Defendant.  According to Defendant, he could not get out of the car's path.  Defendant fired at the car, but the bullet went through the windshield and hit Plaintiff.  On May 5, 2003, Plaintiff filed a 42 U.S.C. § 1983 complaint against Defendant and the County of Hawai`i,[1] alleging that Defendant used excessive force.

The January 12, 2005 Amended Rule 16 Scheduling Order set a June 28, 2005 trial date.  On March 24, 2005, Jay T. Kimura, Deputy Prosecuting Attorney for the County of Hawai`i, obtained an indictment against Plaintiff for terroristic threatening in the first degree.  [Exh. 5 to Motion.]  In light of the indictment, this Court vacated the June 28, 2005 trial date to protect Plaintiff's Fifth Amendment rights.  [Motion, Aff. of Eric A. Seitz ("Seitz Aff.") at ¶ 6.]  Plaintiff was acquitted of the charge after a jury trial and a judgment of a acquittal was entered on June 2, 2006.  [Exh. 6 to Motion.]

Plaintiff filed the instant Motion on July 24, 2006,

---

[1] The County of Hawai`i has been terminated as a party pursuant to the district court's August 5, 2004 order, which, *inter alia*, granted summary judgment in favor of the County.  The district court's decision precludes the second cause of action in the proposed amended complaint, which alleges that the County failed to properly train, supervise, and/or discipline Defendant.

seeking to add a state law claim for malicious prosecution against Mr. Kimura. [Motion at 2.] The proposed amended complaint alleges that, in obtaining the indictment, Mr. Kimura "intentionally, deliberately, and flagrantly misled" the grand jury and that there was no evidence to support the indictment. [Exh. 7 to Motion, Plaintiff's Proposed First Amended Complaint for Damages at ¶ 21.] Plaintiff would also allege a punitive damages claim against Mr. Kimura. [Id. at pg. 8.] Plaintiff argues that Defendant will not be prejudiced if the Court grants the Motion because Defendant had sufficient notice of the circumstances giving rise to the new claim. Plaintiff states that the Motion is in good faith and is not for the purpose of unnecessary delay. [Seitz Aff. at ¶¶ 9-10.]

Defendant filed his memorandum in opposition on August 2, 2006. First, he argues that Plaintiff's July 24, 2006 Motion was untimely. The jury acquitted Plaintiff on May 11, 2006 and judgment was entered on June 2, 2006. [Mem. in Opp. at 2.]

Second, Defendant argues that Mr. Kimura is not a necessary or dispensable party and that permissive joinder is not appropriate in this case. In Defendant's view, although there is some overlap, there are two separate and distinct causes of action: 1) the excessive force action, which ended at the time he shot Plaintiff; and 2) the malicious prosecution action, which

runs from the time Plaintiff took control of his vehicle until his acquittal. [Id. at 3.] Defendant also argues that the principles of fundamental fairness weigh against the joinder. Allowing Plaintiff to join Mr. Kimura would delay the trial against Defendant because: there may be a conflict of interest with the Office of the Corporation Counsel representing both Defendant and Mr. Kimura; the Hawai`i County Council would need to approve indemnification of Mr. Kimura because Plaintiff will seek punitive damages against him; and Mr. Kimura may need to conduct discovery and file dispositive motions. [Id. at 4-5.] Further, Defendant argues that trying the two claims jointly would prejudice both him and Mr. Kimura. Evidence of the alleged use of excessive force would be irrelevant and prejudicial to the case against Mr. Kimura and evidence of the alleged malicious prosecution would be irrelevant and prejudicial to the case against Defendant. [Id. at 5-6.] Thus, if the Court grants the Motion, Defendant may file a motion for separate trials pursuant to Federal Rule of Civil Procedure 42. [Id. at 6-7.]

Finally, Defendant argues that Plaintiff will not be prejudiced if the Court denies the Motion because Plaintiff may still file a separate suit against Mr. Kimura. Defendant also argues that the claims against Mr. Kimura should be litigated in state court. [Id. at 7.]

**DISCUSSION**

I.  **Amending the Scheduling Order**

Insofar as the deadline to add parties and amend pleadings was December 12, 2003, Plaintiff must obtain an amendment of the Court's scheduling order.

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

One of the elements of a state law malicious prosecution claim is that the criminal proceedings against the plaintiff terminated in his favor.  See Reed v. City & County of Honolulu, 76 Hawai`i 219, 230, 873 P.2d 98, 109 (1994).  Insofar as the judgment of acquittal was not entered until June 2006, Plaintiff could not have filed the proposed claims against

Mr. Kimura by the December 12, 2003 deadline to add parties and amend pleadings. The Court finds that Plaintiff has acted with diligence in attempting to pursue his claims against Mr. Kimura and that good cause exists to amend the scheduling order. The Court now turns to the issue whether amendment of the compliant is appropriate under Federal Rule of Civil Procedure 15(a). See Johnson, 975 F.2d at 608.

**II.  Amending the Complaint**

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted). If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test his claim on the merits. See Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or

dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of his pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).

### A. **Whether Mr. Kimura is an indispensable party**

A party is considered indispensable if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Fed. R. Civ. P. 19(a). Mr. Kimura does not meet any of these criteria. Complete relief can be accorded among the existing parties on the excessive force claim and Mr. Kimura does not have

an interest in the disposition of that claim.  The Court finds that Mr. Kimura is not an indispensable party.

### B.     **Whether permissive joinder is appropriate**

Federal Rule of Civil Procedure 20 governs permissive joinder.

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. . . .

Fed. R. Civ. P. 20(a).  Arguably, Plaintiff's arrest and prosecution were part of the same series of occurrences, and there would be some common questions of law or fact.  For example, Defendant's arrest of Plaintiff is relevant to the malicious prosecution claim because, if there was probable cause for the arrest, that would provide a defense to the malicious prosecution claim.  See Reed, 76 Hawai`i at 230, 873 P.2d at 109.

Although the Rule 20(a) criteria appear to be satisfied, that does not end the inquiry.  "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side."  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citation and quotation marks omitted).  Plaintiff

originally filed this action on May 5, 2003. Since that time, trial in this matter has been significantly delayed, albeit for good reasons. Trial is currently set for the week of October 3, 2006. Defendant has an interest in a timely resolution of the case against him and to add a new defendant and new claims at this juncture would result in another significant delay, which would be prejudicial to Defendant. Further, denying the Motion would not prevent Plaintiff from filing a separate action against Mr. Kimura. This Court therefore finds that the principles of fundamental fairness weigh against permissive joinder. This Court, in the exercise of its discretion, finds that Plaintiff should not be allowed to amend his complaint.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Extend Deadline for Motions to Join Additional Parties, and for Leave to File First Amended Complaint, filed July 24, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 25, 2006.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WENDELL TANGARO V. JOSEPH BOTELHO, ET AL.; CIVIL NO. 03-00211 JMS-LEK; ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR MOTIONS TO JOIN ADDITIONAL PARTIES, AND FOR LAVE TO FILE FIRST AMENDED COMPLAINT**